[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CONFIRMING ARBITRATION AWARD
The parties to this action agreed to a binding arbitration process as a means of resolving all disputes arising pursuant to construction contracts between them.
The arbitration process also involved a non-judicial appeal of the arbiter's decision to a different hearing officer.
The contract which created the agreement to arbitrate also limits the basis of appeal to "gross misconduct, material miscalculation or arbitrary and capricious conduct of the hearing officer."
The second hearing officer found a material miscalculation in the first hearing officer's decision, and "corrected" it by amending the amount of payment from plaintiff to defendant.
The plaintiff filed this application on January 14, 1991 seeking to conform, correct and/or vacate the arbitration award entered by the second hearing officer on January 7, 1991.
The respondent-defendants assert that the court has no jurisdiction to review the second decision, because the parties' agreement waives any such statutory right.
The court finds that paragraph 7 of the agreement has no such limitation. Its description of limited grounds for appeal closely parallels Connecticut General Statutes 52-419. The plaintiff here is seeking the modification of the second award to in effect reinstate the first award. This right has not been expressly waived. Board of Trustees v. Federation of Technical College Teachers, 179 Conn. 184, 192 (1974).
In determining that Connecticut General Statutes 52-418 et seq. was inadequate where arbitration was compelled by statute, the Connecticut Supreme Court in Motor Vehicle Mfrs. Assn. v. O'Neil,212 Conn. 83, 93 recognized the design of the statutory scheme52-417, 418, 419, and 420 to govern consensual arbitrations.
The submission to the initial arbitration was unrestricted, and the award was in conformity to the submission. Diamond Fertilizer Chemical Corporation v. Commodities Trading International Corp., 211 Conn. 541, 547, 560 A.2d 419 (1989); Wilson v. Security Ins. Group, 199 Conn. 618, 626-27, 509 A.2d 467
(1986).
The second hearing officer analyzed the original memorandum of decision and calculated and more than doubled the award from CT Page 6249 $4,873 to $10,849 on the basis of a perceived material miscalculation.
The second arbitrator reviewing the award of the initial arbitrator, pursuant to the agreement, is entitled to the same deference that arbitrators have historically enjoyed. Morganti, Inc. v. Bachrager Ingelheim Pharmaceuticals, Inc., 20 CA 67, 74 (1989). This is so even if the court would have reached a different conclusion if determining the matter de novo. The parties can agree to submit factual and legal issues to the arbitrator and are bound by such submission. Waterbury Bd. of Ed. v. WTA, 168 Conn. 54, 62 (1975). Here, the parties all agreed to this procedure and must accept the result; there is no basis under the statutory scheme for the court to substitute its judgment for that of the arbitrator.
The arbitration award is confirmed. The court exercises its discretion and awards no attorney's fees, interest or costs.
McWEENY, J.